**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 21, 2022

LETTER TO COUNSEL

RE:   *Margaret C. v. Commissioner, Social Security Administration*
      Civil No. SAG-21-0859

Dear Counsel:

On April 5, 2021, Plaintiff Margaret C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 14, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on May 8, 2018, alleging a disability onset date of July 22, 2015. Tr. 167–68. Her claim was denied initially and on reconsideration. Tr. 112–15, 116–18. On June 5, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 46–80. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 29–40. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "degenerative joint disease of the right knee; obesity; generalized anxiety disorder; major depressive disorder; and panic disorder-agoraphobia." Tr. 34. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform sedentary work as defined in 20 CFR 404.1567(a) except limited to simple, routine tasks; few workplace changes; no interaction with the general public; and no more than brief, occasional interaction with supervisors." Tr. 36. The ALJ determined that Plaintiff was unable to perform past relevant work as an administrative clerk and a recreation facility attendant but could perform other jobs that existed in significant numbers in the national economy. Tr. 38–39. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 40.

*Margaret C. v. Commissioner, Social Security Administration*
Civil No. SAG-21-0859
April 21, 2022
Page 2

On appeal, Plaintiff argues that the ALJ erroneously failed to "explain[] how, despite Plaintiff's moderate limitation in maintaining concentration, persistence or pace, she could remain productive through an eight-hour workday for five days per week," which warrants remand. ECF No. 14-1 at 8–15. Plaintiff reasons that the ALJ's RFC restriction to simple, routine tasks does not adequately address Plaintiff's ability to stay on task, and thus does not suffice as a limitation that could accommodate her moderate limitation with concentration, persistence or pace." ECF No. 14-1 at 11. Plaintiff contends that the ALJ "must either include a corresponding limitation in the RFC assessment, or explain why no such limitation is necessary," but the ALJ here did neither. *Id.* (citing *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015).

The Fourth Circuit remanded in *Mascio v. Colvin* because the hypothetical the ALJ posed to the vocational expert ("VE")—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d 632, 637–38 (4th Cir. 2015). The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In this case, the ALJ determined that Plaintiff had a moderate limitation in concentration, persistence or pace because "[d]uring her hospitalization in August 2015, [Plaintiff] struggled to complete tasks and her concentration was poor." Tr. 35 (citing ECF No. 10-8 at 24). The ALJ, however, noted that "at the October 2018 consultative exam, [Plaintiff] had intact attention and concentration, as she was able to count forward and backward by sevens without error, perform simple math problems, and recall three of three words after a delay." Tr. 35 (citing ECF 10-8 at 114). Then, in Plaintiff's RFC analysis, the ALJ revisited the October 2018 consultative exam and explained that Plaintiff "was functioning within the normal range of intelligence and her mental status was intact. . . . Similarly, on a mini-mental status examination [Plaintiff] received a score of thirty out of thirty indicating that her mental status was intact[.]" Tr. 38 (citing ECF 10-8 at 114–15). The ALJ, however, does not offer further explanation as to *how* the "parameters" of the RFC accommodate Plaintiff's moderate limitation in concentration, persistence or pace.[1] Tr. 38.

---

[1] Based on the remainder of the ALJ's opinion, the explanation that may be most lacking is why the ALJ concluded that Plaintiff had a moderate limitation in the first place, given that the ALJ only cited to two medical examinations, three years apart, espousing radically different perspectives. Other evidence in the record, such as the opinion of Dr. Rowley, may have supported

   Defendant unconvincingly argues that the ALJ "discussed relevant medical evidence, including opinion evidence, supportive of a finding that Plaintiff had sufficient capacity for CPP to be able to perform the range of simple, routine tasks stated in the RFC" and that "Plaintiff fails to state what, specifically, was deficient" in the ALJ's decision. ECF No. 17-1 at 2. The ALJ only references the medical opinions of state psychiatric consultants Sally Rowley, Psy.D. and Howard S. Leizer, Ph.D., which the ALJ respectively found "partially persuasive" and "not persuasive." Tr. 38. Though Dr. Rowley found that Plaintiff had "mild limitations in adapting oneself, concentrating, and a moderate limitation in interacting with others," the ALJ concluded that Dr. Rowley did not examine Plaintiff nor had the "opportunity to review all of the medical evidence currently contained in the record; therefore, her [RFC] does not account for all of [Plaintiff's] restrictions and limitations." Tr. 38. As to Dr. Leizer's opinion that there was "insufficient evidence to make a disability determination," the ALJ found that "the current record contains sufficient evidence to make a determination including a consultative exam, hospital records, and treatment notes." Tr. 38. Neither of those assessments describes how Plaintiff's moderate limitation in concentration, persistence, and pace would affect her ability to perform work functions. Therefore, akin to the Fourth Circuit's finding in *Mascio*, the ALJ failed to explain how Plaintiff would be able to stay on task, even for simple, routine tasks, despite her moderate limitation, such that remand is warranted.

   For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 14, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 17, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis and the case is REMANDED for further proceedings in accordance with this opinion.

   Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                 Sincerely yours,

                  /s/
                 Stephanie A. Gallagher
                 United States District Judge

---

a mild limitation instead of moderate. However, once a moderate limitation is found, the ALJ must either impose an appropriate RFC restriction to address the limitation or explain why no such restriction is necessary.